145 So. 500

## PATE v. STATE.

### 7 Div. 902.

Court of Appeals of Alabama.

June 14, 1932.

Rehearing Denied June 30, 1932.

J. J. Cockrell, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.

Appellant was convicted in the county court of Clay county of the offense of illegally having possession of prohibited liquor, to wit. whisky.

He appealed his case to the circuit court, where he was tried before a jury, and again convicted. Hence this appeal.

The case, in its legal incidents, and ramifications, is one of the simplest known to the law.

■ Merely a question, and but *one* of *fact*, was involved: *Did* appellant (time, place, and all other jurisdictional prerequisites being, if not admitted, unquestioned) have possession, illegally, of any quantity of prohibited liquor? Code 1923, § 4621.

There was direct, positive, testimony on the part of the state that he *did*. He, of course, denied it, and offered other testimony than his own, supporting his denial.

A jury question was the inevitable result.

We have carefully examined each exception reserved on the taking of testimony. Not one of same merits any discussion. In each instance the ruling underlying the exception was manifestly, and obviously, not prejudicially erroneous.

■ Likewise, we have examined each of appellant's requested and refused written charges. No one of them calls for any special comment.

As to each of same, unless the principle of law sought to be therein conveyed was obviously incorrect, or inapplicable, the same principle of law was otherwise duly given to

the jury. Hence the refusal was proper. Code 1923, § 9509.

The entire proceedings were regular in every way, and we find nothing upon which to base a reversal of the judgment of conviction.

It is affirmed.

Affirmed.